

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. W. R. Horrell
County Attorney
San Jacinto County
Cold Springs, Texas

Dear Sir:

Opinion No. O-1953
Re: Where a complaint charging a defendant
with a misdemeanor was originally filed
in the county court, and by that court
transferred to a justice's court, under
the facts stated, it would be proper to
dismiss the case in both courts and file
a new complaint in either the county or
justice's court, as the county attorney
may determine.

Your recent request for an opinion of this department on the above stated matter has been received.

We quote from your letters and statement of facts as follows:

"The situation created by the case referred
to in the accompanying statement of facts has raised
the following question: Should the justice of the
peace for precinct #2 send the case back to the
County Court for trial, since that latter court is
seen to have concurrent jurisdiction under the authorities submitted, or, should the justice court proceed to trial since the defendant is a resident of
said precinct? Or, since the accused is a constable,
should the case be dismissed and filed in the District
Court?" (Your letter of February 5, 1940.)

"A constable of Precinct #2, San Jacinto County,
was charged with failing to stop his truck for a search
by a State Game Warden. The complaint was filed in
the County Court. At the trial, the Court sustained

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. W. R. Horrell, Page 2

a plea to the jurisdiction, and transferred the case
to the justice's court in Precinct #2, where it is
now set for trial." (Statement of facts accompanying
your letter of February 5, 1940.)

"Answering your letter of February 23rd, this is
to advise you that the County Court of San Jacinto
County does have jurisdiction of criminal cases, having
remained undisturbed by legislative enactments placing
such jurisdiction in other courts.

"When the case was called for trial in the County
Court, the State announced ready, and counsel for the
Defendant presented the Court with a motion to transfer
the case to the Justice Precinct in which the defendant
resided. I cited the judge to the statutes giving the
jurisdiction of the County and Justice's courts. The
court took the position that since the maximum penalty
to be imposed in the instant case was $100.00, the case
should be sent to the Justice's court. I have since
shown the Judge authorities establishing the concurrent
jurisdiction of the two courts in such cases. He is will-
ing to correct his error by hearing the case. The
question now is as to the propriety of returning the
case from the Justice's court where it is now pending.
There has been no other action taken so far as both
the two courts and myself wish your ruling on the
proper procedure." (Your letter of February 26, 1940.)

Article 923d of Vernon's Penal Code reads as follows:

"The Commissioner or any of his deputies shall
have the right to search the game bag or any other
receptacle of any kind whenever such Commissioner or
his deputy has reason to suspect that such game bag,
or other receptacle or any buggy, waggon, automobile
or other vehicle may contain game unlawfully killed
or taken, and any person who refuses to permit the
searching of the same, or who refuses to stop such
vehicle when requested to do so by the Commissioner or
his deputy, shall be fined not less than ten nor more
than one hundred dollars."

In this connection it will be noted that the office of
Game, Fish & Oyster Commissioner has been abolished and the powers
and duties of such Commissioner have been transferred to the
Game, Fish & Oyster Commission.

Hon. W. R. Horrell, Page 3

We quote from Texas Jurisprudence, Vol. 12, pp. 402-404, as follows:

"In misdemeanor cases the County Courts have original jurisdiction 'when the fine to be imposed shall exceed $200,' except where jurisdiction has been conferred upon District Courts or Criminal District Courts. The justices' courts have original jurisdiction where the punishment may be by fine not in excess of two hundred dollars, except where the offense involves official misconduct; and the corporation court has concurrent jurisdiction with the justice of the peace in cases arising under the criminal laws of the state which are committed within the corporate limits where the maximum fine may not exceed two hundred dollars.

"The jurisdiction of justices' courts over cases in which the fine may not exceed two hundred dollars is not exclusive; County Courts have original concurrent jurisdiction with justices' courts of misdemeanors cognizable in the latter courts, except where it has been otherwise provided,--notably in cases of misdemeanors involving official misconduct. In such cases concurrent jurisdiction is vested in the County Court and the justice's court, and also in the corporation court, if the crime has been committed within the corporate limits."

Regarding offenses involving official misconduct, we quote from Texas Jurisprudence, Vol. 12, pp. 401-402, as follows:

"The Constitution and the code expressly give to the District Court jurisdiction 'of all misdemeanors involving official misconduct'; and, since the District Courts are given original jurisdiction in all criminal cases of the grade of felony, they also have jurisdiction of offenses involving official misconduct which are the grade of felony. The provision of the constitution which gives jurisdiction of misdemeanors to the County Courts has been held to relate to misdemeanors other than those which involve official misconduct, because jurisdiction of the latter class of offenses has been expressly conferred upon the District Court; and statutes which clothe courts inferior to District Courts and Criminal District Courts with jurisdiction over misdemeanors expressly exclude from their operation misdemeanors involving official misconduct. This jurisdiction has

Hon. W. R. Horrell, Page 4

been committed by statute to Criminal District Courts
in some instances.

"'Official misconduct,' as used in the constitution
and code, includes the failure of an officer to perform
any and all acts required by law to be performed by
him; and the District Court has exclusive jurisdiction
to try an official for failure to perform any duty re-
quired of him by law, whether or not his act or omission
is shown to have been wilful or corrupt in its nature.
But in order that a District Court may have jurisdiction
to try a misdemeanor charged by indictment, the allega-
tions of the indictment must show that the defendant
is charged with official misconduct of some kind; the
mere fact that the evidence may show that he misconducted
himself in office is not sufficient."

It could not be said that a constable who is charged
with an offense under Article 923d of the Penal Code is charged
with an offense involving official misconduct. Therefore, the
District Court would not have jurisdiction of the abovementioned
case, where the constable is charged with an offense under
Article 923d of the Penal Code.

Article 64 of the Code of Criminal Procedure reads
as follows:

"When two or more courts have concurrent juris-
diction of any criminal offense, the court in which
an indictment or a complaint shall first be filed shall
retain jurisdiction of such offense to the exclusion of
all other courts."

The term "jurisdiction," as used in the statute includes
the three essentials necessary to the jurisdiction of the court
which are that the court must have authority over the person and
the subject matter, and power to enter the particular judgment
rendered. See the case of Bragg v. State, 6 S.W. 365.

Referring to Article 64 of the Code of Criminal Proce-
dure, supra, we quote from Texas Jurisprudence, Vol. 12, p. 418,
as follows:

"Since to give a court jurisdiction in the sense
used in the statute it must have jurisdiction over the

person of the defendant, although two courts may have concurrent jurisdiction of the subject matter of the controversy, the rule that the court in which an indictment or complaint has first been filed shall have jurisdiction to the exclusion of the other court does not apply if the court in which the prosecution was first instituted does not have legal jurisdiction of the person of the defendant. For example, though the County Court and the District Court, or the County Court and a corporation court, both have jurisdiction of the subject matter, the one in which an indictment or complaint is first filed does not have jurisdiction of the case to the exclusion of the other, unless the defendant has been arrested or it has acquired jurisdiction over his person in some other way, or such jurisdiction has been waived. ..."

In the case of Epps v. State, 94 S. W. (2d) 441, the court, in construing Article 64, Code of Criminal Procedure, used the following language:

"The purpose of this enactment was to prevent confusion and contentions between different courts, each seeking to exercise jurisdiction, and the purpose was not to shield one accused of crime from prosecution when that court, in which the complaint may have been first lodged, had lost its jurisdiction by dismissal of the case, and he thereafter and when brought before another court of concurrent jurisdiction sets up the claim and plea that the court before which he is brought has no right to try him because another court had theretofore and first after the commission of the offense had before it another indictment or complaint. ...

"... The fact that one court of concurrent jurisdiction may have at some former time had upon its docket an indictment or complaint charging the same offense for which the accused has subsequently been convicted in another court of concurrent jurisdiction would not operate to prevent forever any effort to prosecute in the latter court. The dismissal of the indictment or complaint in the court in which same was

originally presented would operate as a waiver of or loss of jurisdiction in the court in which same had been presented and from whose docket it had been dismissed. ..."

The county court and the justice court have concurrent jurisdiction of cases involving offenses under Article 923d of the Penal Code as the penalty provided in said statute is such as would give jurisdiction to either the county court or the justice court. After the above mentioned case had been filed in the county court, the Judge thereof had no legal authority to transfer the case to the justice court. Therefore, the justice court has never legally acquired jurisdiction of this case unless the case was first dismissed in the county court and re-filed in the said justice court.

In view of the facts stated in your letters and the above-mentioned authorities, you are respectfully advised that it is the opinion of this department that to simplify the procedure in the above-mentioned case you should dismiss the case as originally filed in the county court and also in the justice court, and re-file the case in either court as you may determine.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:pbp

APPROVED MAR 5, 1940

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN